UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE CARLOS GONZALEZ-PEREDA,

Petitioner,

v. Case No.: 2:26-cv-02215-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER,

Respondent,

______________________________________/

# OPINION AND ORDER

Before the Court are Jose Carlos Gonzalez-Pereda's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Gonzalez-Pereda's reply (Doc. 5).

Gonzalez-Pereda is a native and citizen of Cuba who entered the United States on March 16, 2022. U.S. Customs and Border Patrol apprehended him, issued a notice to appear, and released him on recognizance. On July 17, 2024, Gonzalez-Pereda was convicted of financial card theft and sentenced to 13 months in jail. Local police arrested him for operating a motor vehicle without a valid license on September 10, 2025, and Immigration and Customs Enforcement (ICE) issued an immigration detainer. ICE took custody of Gonzalez-Pereda on September 12, 2025.

Gonzalez-Pereda filed a prior habeas action in the Southern District of Florida. Judge Darrin Gayles granted the petition in part and ordered the government to afford Gonzalez-Pereda an individualized bond hearing consistent with 8 U.S.C. § 1226(a). *See Gonzalez Pereda v. Krome North Serv. Processing Ctr.*, No. 1:26-cv-21108-GAYLES, 2026 WL 1109382 (S.D. Fla. Apr. 24, 2026). On May 6, 2026, Immigration Judge Christina Martyak denied bond with this explanation: "mandatory detention – Lakin Riley Act; in the alternative danger to the community[.]" (Doc. 4-1 at 9).

Gonzalez-Pereda argues his detention is governed by § 1226(a), he is entitled to an individualized bond hearing, and he has not received one. In response, the government contends Gonzalez-Pereda is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii). Indeed, § 1226(c)(1)(E) mandates the detention of inadmissible noncitizens convicted of certain crimes, including theft. Gonzalez-Pereda's conviction for financial card theft makes him subject to mandatory detention under § 1226(c).

That is not the end of the inquiry. In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court considered the constitutionality of mandatory detention under § 1226(c). "While *Demore* upheld § 1226(c)'s provision mandating detention of criminal aliens during removal proceedings, it did so with a strong constitutional caveat about due process concerns as to continued mandatory

detention where the duration of the removal proceedings is unreasonably long or delayed." *Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199 (11th Cir. 2016).

The Eleventh Circuit found "an implicit temporal limitation at which point the government must provide an individualized bond hearing to detained criminal aliens whose removal proceedings have become unreasonably prolonged." *Id.* at 1214. The court adopted a case-by-case approach to determine when a noncitizen becomes entitled to a bond hearing. It identified a non-exhaustive list of factors and noted "the factors that should be considered will vary depending on the individual circumstances present in each case. *Id.* at 1218. The Court finds four factors particularly relevant here.

1. <u>The amount of time the alien has been detained without a bond hearing</u>

Gonzalez-Pereda has been detained since September 12, 2025, and while he was brought before an immigration judge for a bond hearing, the judge found she had no jurisdiction to consider his request for release. Thus, he has been detained for 327 days without a merits-based bond decision. "The need for a bond inquiry is likely to arise in the six-month to one-year window, at which time a court must determine whether the purposes of the statute—preventing flight and criminal acts—are being fulfilled, and whether the government is incarcerating the alien for reasons other than risk of flight or

dangerousness." *Sopo*, 825 F.3d at 1217. Given the duration of Gonzalez-Pereda's detention, this factor favors a bond hearing.

2. Why the removal proceedings have become protracted

When evaluating this factor, courts consider whether failed to participate in the proceedings, sought continuances or extensions that delayed the proceedings, or made errors that caused unnecessary delays. *Id.* at 1218. The only cause for delay reflected in the record is the government's shifting justification for detention. In the Gonzalez-Pereda's prior habeas action, the government argued he was subject to mandatory detention under § 1225(b)(2). It was only after Gonzalez-Pereda received a favorable outcome in that action that the government invoked § 1226(c) and prompted this second round of habeas litigation. This factor favors a bond hearing.

3. Whether it will be possible to remove the alien after a final order of removal

Gonzalez-Pereda is a citizen of Cuba, which generally does not accept repatriations from the United States. This factor favors a bond hearing.

4. Whether the time in immigration detention exceeds the prison sentence

On one hand, Gonzalez-Pereda's time in immigration detention has not yet exceeded his 13-month jail sentence. On the other hand, there is no end in sight. This factor weighs against a bond hearing, but not heavily.

After weighing the *Sopo* factors, the Court finds a bond hearing appropriate. The Court will thus order the respondents to either bring Gonzalez-Pereda before an immigration judge for an individualized bond hearing within ten days or release him under reasonable conditions of supervision while the BIA considers his appeal. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. If the government is unable to ensure Gonzalez-Pereda receives a bond hearing that complies with this Order within ten days, it must release him.

Accordingly, it is hereby

**ORDERED**:

Jose Carlos Gonzalez-Pereda's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Gonzalez-Pereda for an individualized bond hearing before an immigration judge or (2) release Gonzalez-Pereda under reasonable conditions

of supervision. If the respondents release Gonzalez-Pereda, they shall give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on August 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record